18-2130
*Singh v. Barr*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> DENNY CHIN,
> > *Circuit Judge*,
> PAUL A. ENGELMAYER,
> > *District Judge*.\*

_____

PARMINDER SINGH,

　　　　　　　*Petitioner*,

　　　v.　　　　　　　　　　　　　　　　　18-2130

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,

　　　　　　　*Respondent*.

_____

For Petitioner:　　　　　　　　DALBIR SINGH, Dalbir Singh & Associates, New York, NY.

---

\* Judge Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

For Respondent: SHEREASE PRATT, Trial Attorney, Office of Immigration Litigation (Jeffrey Bossert Clark, Acting Assistant Attorney General, Anthony P. Nicastro, Assistant Director, *on the brief*); United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is GRANTED.

Petitioner Parminder Singh, a native and citizen of India, seeks review of a June 26, 2018, decision of the Board of Immigration Appeals ("BIA") affirming a July 28, 2017, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Parminder Singh*, No. A 205 610 808 (B.I.A. Jun. 26, 2018), *aff'g* No. A 205 610 808 (Immig. Ct. N.Y. City Jul. 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Where the BIA affirms the decision of an IJ, and adopts the IJ's reasoning in doing so, we review the IJ's and BIA's decisions together. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006); *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The standards of review are well-established; we review the agency's factual findings for substantial evidence, and questions of law and applications of law to fact *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The agency's decision "must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (citing 8 U.S.C. § 1105a(a)(4)).

The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985). A past persecution claim can be based on harm other than

2

threats to life or freedom, including "non-life-threatening violence and physical abuse." *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006). To constitute persecution, the alleged harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). "The cumulative effect of the applicant's experience must be taken into account" in deciding whether the applicant has suffered persecution. *Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir. 2005) (quotation marks omitted).

In this case, Singh testified that he was arrested and detained twice, that on both occasions he was beaten with sticks, and that on one of those occasions he suffered injuries resulting in a two-day hospitalization. He testified that the beatings were administered due to his imputed political opinion. The IJ found Singh's testimony credible and described the harm as "serious." Nonetheless, the IJ found that the treatment Singh faced did not rise to the level of persecution without explaining his reasoning on the record. The BIA in turn summarized Singh's testimony and agreed that it did not rise to the level of persecution. The BIA also did not explain why it came to that conclusion. This lack of reasoning frustrates our review of the petition. "[W]e require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful." *Id.* at 77.

Moreover, the IJ and the BIA were required to consider the context in which the beatings occurred when assessing whether the petitioner's claims amounted to past persecution. "'[T]he difference between harassment and persecution is necessarily one of degree,' . . . the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic*, 467 F.3d at 226 (quoting *Ivanishvili*, 433 F.3d at 341). Here, the BIA's one-sentence analysis did not provide indication it considered that both incidents occurred after Singh was arrested and detained, purportedly in retaliation for having allowed members of the Shiromani Akali Dal Amritsar

3

political party to stay overnight at his house. While the BIA accurately stated that a beating within the context of an arrest or detention is not persecution *per se*, *see Jian Qui Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (noting that beatings, even in the context of detention, do not "constitute[] persecution *per se*"), it is not clear that the BIA adequately considered the relevant context of Singh's alleged abuse when arriving at its conclusion. As a consequence, we are unable to determine whether the agency's decision is supported by substantial evidence.

When an applicant has not established past persecution, he retains the burden of proving a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). However, when an alien has proven past persecution, a presumption of a well-founded fear of future persecution ensues, and the Government bears the burden of rebutting that presumption. Because the agency erred by failing adequately to explain its conclusion that Singh failed to establish past persecution, it is unclear whether Singh may have been entitled to a regulatory presumption of future persecution, which the agency did not apply. *See Beskovic*, 467 F.3d at 227; *Ivanishvili*, 433 F.3d at 340–42; *Manzur v. U.S. Dept. of Homeland Sec.*, 494 F.3d 281, 295–96 (2d Cir. 2007).

We therefore do not reach the question of whether the agency erred in finding that Singh did not show a well-founded fear of future persecution. Expressing no view on the merits, we remand merely to permit the agency to further analyze and explain its decision as to whether Singh's past harm rose to the level of persecution. We do not reach Singh's claim for CAT relief, given that it is largely based on the same factual predicate as his claim for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

\* \* \*

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk